# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-3822

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Mark Lamont Hopper, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted:   June 11, 2003

Filed:   August 4, 2003

———————

Before BOWMAN, MURPHY, and BYE, Circuit Judges.

———————

PER CURIAM.

Mark Lamont Hopper appeals from his conviction by a jury of two counts of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1).  He argues while he had access to both the firearms discovered under his mattress and in his garage, he did not know of the firearms' existence.  The jury's verdict is supported by the facts.  We therefore affirm the decision below.

On July 11, 2001, law enforcement executed a search warrant at Hopper's two-bedroom apartment in Waterloo, Iowa.  Hopper's girlfriend, Suzie Kotlienthong, her child, and Robert Dale, occasionally lived at the apartment.  But Hopper continually

lived in the apartment, and the lease was, as of March 2002, in his name alone. Further, telephone and utility bills list Hopper as the resident at the address.

Inside the apartment law enforcement discovered evidence of an illegal narcotics operation: items of drug paraphernalia, contraband, and a loaded Ruger 9 mm handgun found under Hopper's mattress. On July 12, 2001, the day after the apartment search, law enforcement executed a second search warrant at Hopper's garage in the apartment complex . Within the garage, officers found a stolen Glock .40 handgun.

Hooper was indicted of two counts of possessing firearms as a convicted felon. At trial, Dale testified he stayed at the apartment from time to time, and Hopper had given him a key to the apartment, but not to the locked garage. He also testified he never stored his personal items in the larger of the two bedrooms where Hopper slept.

Additionally, the property manager testified she rented the apartment and the secure garage to Hopper and his girlfriend, but sometime in March 2002 the girlfriend requested her name be taken off the rental agreement, which was done. The manager also testified she saw the girlfriend move her things out, and afterwards never saw the girlfriend, her child, or the girlfriend's vehicle at the apartment complex again. The manager also testified she never saw the girlfriend use the garage. Similarly, Hopper's mother testified she cleaned the apartment after Hopper's arrest, and only his belongings were in the apartment.

Another witness, Herlie Johnson, had briefly been housed at the Lynn County Jail along with Hopper. Johnson testified: Hopper told him he planned to get "his girl" to "take the gun charges." Subsequently, Hopper's girlfriend did testify she was responsible for both of the firearms, and Hopper had no knowledge of them. The jury did not believe her and found Hopper guilty. The district court also disbelieved Kotlienthong, concluding: "I believe that Mr. Hopper did tell Herlie Johnson that he

was trying to get Kotlienthong to take that particular offense. I think that he did obstruct justice." The jury also did not believe the testimony of Jennifer Jacobs, who testified she owned one of the firearms and Kotlienthong was secretly holding if for her. Hopper was convicted of two counts of being a felon in possession of a firearm. He appeals.

The standard of review in this case is very strict. United States v. Espino, 317 F.3d 788, 791 (8th Cir. 2003). "In reviewing the sufficiency of the evidence, the court views the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences drawn form the evidence that support the jury's verdict." Id. at 792. We will reverse only if no reasonable jury could have found the accused guilty. Id.

To convict someone under § 922(g)(1), the government must prove, beyond a reasonable doubt: (1) the defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed a firearm; and (3) the firearm has been in or has affected interstate commerce. United States v. Boyd, 180 F.3d 967, 978 (8th Cir. 1999) (internal quotations and citations omitted). The first and third elements are undisputed. In fact, Hopper also concedes, as he must, his dominion over or residence in his apartment is sufficient to establish his constructive possession of the two firearms. Id. ("Constructive possession of the firearm is established if the person has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself."); United States v. Boykin, 986 F.2d 270, 274 (8th Cir. 1993) ("Constructive possession can be established by a showing that the firearm was seized at the defendant's residence"). Likewise, it is undisputed constructive possession, like actual possession, can support a conviction for violating § 922(g). Boyd, 180 F.3d at 978. Hopper argues only there was insufficient evidence his constructive possession of the two firearms was knowing as required by the statute and our case law. E.g., United States v. Lemon, 239 F.3d 968, 970 (8th Cir.

2001) ("*If there is knowledge,* control is established by proof the person has dominion over the premises in which the contraband is concealed.") (emphasis supplied).

This argument fails, for the record contains facts supporting the jury's determination. A firearm was discovered under Hopper's mattress, in a bedroom where only his clothing was stored. The second firearm was discovered in Hopper's locked garage to which he had a key, but Dale, an occasional houseguest, did not. Moreover, the property manager testified she saw Hopper, but never the girlfriend, using the garage. These facts *inter alia* support the conviction. Accordingly we affirm the decision below.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.